RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---:|
| NAOMI CARMOUCHE | CIVIL ACTION NO. 09-1474 |
| VERSUS | JUDGE TRIMBLE |
| ENTERGY LOUISIANA, LLC, ET AL. | MAGISTRATE JUDGE KIRK |

---

### MEMORANDUM RULING

Before the court is a motion for partial summary judgment and, alternatively, a motion <u>in limine</u> as to plaintiffs' loss of support and income claims, filed by third party defendant Interlink Communications Partners, LLC ("Interlink").[1] For the reasons expressed herein below, the court finds that Interlink's motion should be **GRANTED** in part, to the extent that plaintiff's claims for funeral expenses in both her individual and representative capacities should be **DISMISSED** with prejudice and **DENIED** in all other respects.

### I.   RELEVANT FACTS

Plaintiff is the surviving spouse of Christopher Joseph Carmouche (hereinafter "Decedent"), who was fatally electrocuted while working on the roof of his home in Marksville, Louisiana on May 30, 2009.[2] Plaintiff alleges that the decedent's electrocution was caused by the close positioning of

---

[1] R. 47.

[2] R. 1-2 at ¶ 3.

1

an uninsulated high voltage power line to the roof of his residence.[3] Plaintiff further alleges that the positioning of the power line at issue violated the National Electric Safety Code and Entergy's internal rules.[4]

Plaintiff brings this suit in her individual capacity and on behalf of Grace Carmouche, the sole surviving minor child of plaintiff and the decedent.[5] Plaintiff's suit was originally filed in the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana and was timely removed to this court by defendant Entergy Louisiana, LLC ("Entergy").[6] Entergy sought and was granted leave to file its third party complaint against Charter Communications, LLC ("Charter") and later amended that complaint to name Interlink as the proper third party defendant, dismissing all third party claims against Charter.[7]

Plaintiff's suit asserts wrongful death and survival claims in both her individual and representative capacities and prays for various damages, including funeral and burial expenses and loss of support and income. Interlink's instant motion seeks summary judgment only as to these two (2) particular claims.

The court has received all necessary briefs and finds the motion ripe for decision. We address the law and argument advanced by the parties below.

---

[3] Id.

[4] Id.

[5] Id., generally.

[6] R. 1.

[7] R. 40, 41, 42.

2

## II. APPLICABLE STANDARD

Fed. R. Civ. P. 56, as recently amended, provides, in part, that

> [a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.[8]

Rule 56 further provides that

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by...
>
> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or...
>
> showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[9]

When faced with a motion for summary judgment, a non-moving party may not rest on the allegations of the pleadings.[10] Once the moving party meets its initial burden of proof by demonstrating the absence of a genuine issue of material fact for trial, the nonmoving party must

---

[8] Fed. R. Civ. P. 56(a).

[9] Fed. R. Civ. P. 56(c)(1)(a), (b).

[10] Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

3

designate specific facts showing that there is a genuine issue for trial.[11] If the nonmoving party fails to satisfy this burden, the court must enter summary judgment in favor of the movant if the record before it demonstrates that the movant is entitled to judgment as a matter of law. If the nonmoving party is unable, for reasons specified by affidavit or declaration, to present facts necessary to justify its opposition to the motion, the court may defer ruling on the motion, deny the motion, grant additional time for the taking of discovery or issue any other appropriate order.[12]

In considering a motion for summary judgment, the court will view the evidence before it in the light most favorable to the nonmoving party, but will not infer proof of facts not properly alleged and supported.[13] Evidence presented in support of or in opposition to a motion for summary judgment must be of the sort that would admissible in evidence at the trial of the matter.[14]

## III. ANALYSIS

### A. Funeral Expenses

Defendant asserts that plaintiff is not entitled to damages in the amount of the funeral expenses of the decedent because such expenses were actually paid by the decedent's parents and, as such, neither plaintiff, nor decedent's estate incurred the debt.[15] In support of this contention,

---

[11] Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990); Matsushida, 475 U.S. at 586; Celotex, 477 U.S. at 323; Little, 37 F.3d at 1975.

[12] Fed. R. Civ. P. 56(d).

[13] Wallace v. Texas Tech University, 80 F.3d 1042 (5th Cir. 1996).

[14] Fed. R. Civ. P. 56(c)(2).

[15] R. 47 at pp. 3-4; R. 58 at pp. 1-2.

4

defendant cites <u>Andrus v. White</u>,[16] a 1958 ruling by the Louisiana Supreme Court.

In <u>Andrus</u>, the court considered whether or not plaintiff, as tutrix of her minor child, was entitled to judgment in the amount of $1583, representing funeral expenses and hospital bills of the deceased. As in the instant case, these debts were actually paid by a parent of the deceased and there was no evidence before the court to indicate that the decedent's father requested or claimed reimbursement from the minor or his tutrix for those expenses.

The court held that recovery of damages by a ranking beneficiary under La. Civ. C. Art. 2315 is only permitted to the extent that such beneficiary has suffered a proven loss. The court noted that ranking beneficiaries should be allowed to recover hospital and funeral expenses under Art. 2315 when

> the succession of the deceased has paid these bills with a resultant reduction in the inheritance of the ranking beneficiary; where the ranking beneficiary is legally obligated to pay these bills (as in the case of a parent who has lost his minor child), or has actually paid them either because of a legal liability on him to do so or even because of a moral or actual obligation.[17]

Finding that the facts of Andrus presented none of the above enumerated scenarios, the court denied plaintiff's claim for funeral and hospital expenses based on an absence of any proof that the ranking beneficiary sustained any loss or liability such as would entitle him to recovery.

Instant plaintiff opposes the application of the court's ruling in <u>Andrus</u> to the facts of this case, arguing, instead, that Louisiana law of obligations must dictate the result. Specifically, plaintiff argues that funeral expenses are "debts of the decedent" and, thus, debts of the estate under La. Civ.

---

[16] 236 La. 28 (1958).

[17] <u>Andrus</u>, 236 La. at 33.

C. Art. 1415. Plaintiff also argues that universal successors are liable to creditors for the payment of such estate debts under La. Civ. C. Art. 1416. Although plaintiff acknowledges that the funeral expenses of the decedent were paid by his parents, plaintiff asserts that, by operation of the principal of enrichment without cause, plaintiff and her minor child are obligated to repay decedent's parents for the funeral expenses under applicable Louisiana law, creating a legal indebtedness against decedent's estate and in favor of his parents.[18]

The court has carefully reviewed Louisiana jurisprudence addressing the issue of damages in the amount of funeral and burial expenses and finds no support for plaintiff's contention that, absent proof that plaintiff actually incurred a loss by paying such expenses or has sustained a loss in the form of a claim by the decedent's parents in the amount of those expenses, plaintiff is entitled to recovery of funeral and burial expenses.[19] Plaintiff does not argue, nor does the record before the court indicate, that plaintiff actually incurred funeral expenses in this matter or that the decedent's parents claim recoupment of these expenditures. Accordingly, we find that plaintiff is not entitled to an award of damages for decedent's funeral expenses.

### B. Loss of Income and Support

As mentioned above, decedent sustained a herniated L-4 disc while on the job with Merrick

---

[18]La. Civ. C. Art. 2298.

[19]Clark v. G.B. Cooley Service, 813 So.2d 1273 (La. App. 2 Cir. 2002) (award of damages for wrongful death enlarged to reflect survivors' entitlement to medical and funeral expenses where uncontroverted evidence showed that survivors incurred those expenses); Jones v. Payton, 548 So.2d 1260 (La. App. 4 Cir. 1989) (district court's award of funeral expenses reversed upon appellate court's finding that plaintiffs presented no evidence at trial that they incurred such debt); Johnson v. International Ins. Co., 347 So.2d 1279 (La. App. 1 Cir. 1977) (minor child not entitled to reimbursement of funeral expenses because child incurred no legal liability for payment of these bills and presented no evidence that he actually paid them).

Construction Company ("Merrick") in early June of 2008.[20] As part of a prior lawsuit, decedent gave deposition testimony in which he stated that he attempted to return to work twice, but was unsuccessful both times.[21] Plaintiff further stated that he saw a total of four doctors, three of which rendered the opinion that he needed surgery on his herniated disc.[22] Plaintiff testified that it was decedent's intention to undergo back surgery as suggested by these doctors and to return to work at Merrick when he was able.[23] Plaintiff further testified that decedent worked odd jobs such as carpentry and renovation projects and was able to contribute to the household income using the money received from these jobs.[24]

As explained above, plaintiff seeks recovery of damages for loss of income and support both before and after trial as part of her wrongful death claim under La. Civ. C. Art. 2315.2. Defendant offers plaintiff's own deposition testimony as evidence that plaintiff is unable to demonstrate any lost income prior to trial. Defendant further points out that, while plaintiff testified that the decedent worked odd jobs and did receive income for this work in the time between his back injury and death, there is no substantiating evidence of the amount earned and, moreover, no reporting of such income to the Internal Revenue Service. Defendant also asserts that plaintiff's damage claim for future loss of income and support are so speculative that they should be dismissed, pointing again to decedent's history of unemployment and lack of wage verification information.

---

[20] R. 47-4 (deposition of decedent of 2/18/09) at pp. 61 - 63.

[21] Id. at pp. 36:3 - 23; 38:19 - 39:12.

[22] Id. at 55:24 - 56:14.

[23] R. 47-4 (deposition of plaintiff) at 50:1 - 13.

[24] Id. at 51:6 - 52:18.

Plaintiff's deposition testimony seems to support defendant's assertion that plaintiff is unable to produce earnings records reflecting the decedent's income from June 1, 2008 until his death on May 30, 2009. Plaintiff testified that her husband performed "carpentry" and "remodeling" jobs, but that she did not know what he charged for this work or what his net income from these jobs was.[25] Plaintiff also testified that she has no records, invoices or other documents showing the work performed by the decedent or what he was paid for that work.[26] Plaintiff further testified that none of the income received by the decedent was reported as income to the Internal Revenue Service.[27]

Plaintiff argues that evidence in the form of her own testimony, "...her husband's earnings records, employment history, [and] the expert testimony of Dr. Randolph Rice..." will be offered at trial to substantiate her claim for past and future loss of income and support.[28] Plaintiff further argues that, because a determination of past and future lost income and support damages entails credibility determinations, such issue is not appropriate for summary judgment.

While awards for future lost income are "inherently speculative," damages for past lost income are not speculative and, instead, susceptible of mathematical calculation based on the evidence presented.[29] The fact finder must use available past wage and work history information to

---

[25] R. 47-4 (deposition of plaintiff) at 52:4 - 18; 53:16 - 54:3.

[26] Id. at 54:8 - 23.

[27] Id. at 55:13 - 56:12.

[28] R. 56 at p. 7.

[29] Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976); Robbins v. State ex rel. Dept. of Labor, 728 So.2d 991, 995 (La. App. 2 Cir. 1999) citing Kessler v. Southmark Corp., 643 So.2d 345 (La. App. 2 Cir. 1994); Eddy v. Litton, 586 So.2d 670 (La. App. 2 Cir. 1991); Young v. South Central Bell Tel. Co., 412 So.2d 147 (La. App. 4 Cir. 1982).

determine what the decedent would have, in all probability, been earning at the time of his death.[30]

It is undisputed that the decedent was gainfully employed by Merrick and that he has a work history until and perhaps throughout the year preceding his unfortunate death. Plaintiff's assertions about what level of support the decedent provided by way of odd jobs necessarily relies on credibility determinations lying within the province of the fact finder in this case. Similarly, plaintiff's claim for future loss of income and support is an issue as to which both parties should present evidence that, again, must be weighed by the fact finder. Unlike damage awards for past lost income, damage awards for future lost income are not determinable by certain mathematical calculation. The fact finder must hear evidence from the parties and, again, must determine what, in all probability, the decedent would have been able to do for employment, were it not for his death.[31] While the decedent's wages at the time of his death are probative of his future earning capacity, the law affords plaintiff the opportunity to attempt to prove that those wages are not the end of the story.[32] Likewise, defendant is afforded the opportunity to rebut any such evidence offered. Accordingly, the court does not find that defendant has demonstrated the absence of a dispute concerning a material fact issue as to plaintiff's loss of income and support claims and, for that reason, we decline to grant summary judgment on these claims. Similarly, we do not find that defendant has demonstrated entitlement to relief in limine on this issue.[33]

---

[30] Robbins, 728 So.2d at 995.

[31] Coco, 341 So.2d at 338, citing Edwards v. Sims, 294 So.2d 611 (La. App. 4 Cir. 1974).

[32] Id.

[33] Defendant's motion seeks alternative relief in limine limiting plaintiff's claim for lost income and support to $400 per year on the basis that plaintiff admits that no tax returns reported decedent's income in the year preceding his death and that the Internal Revenue Service requires

Our finding does not, however, absolve plaintiff of the obligation to come forward with the evidence she now purports to have in support of her loss of income claims. While we believe strongly in the right of plaintiffs to prosecute claims, we will not permit "trial by ambush."[34] To the extent that plaintiff is now in possession of wage records or other documentation of the decedent's past income and employment history, plaintiff will be required to produce such evidence to defendant within thirty (30) days of the issuance of this ruling and judgment. Moreover, defendant shall be entitled to redepose plaintiff no later than sixty (60) days from the issuance of this ruling and judgment if, after receipt and review of any evidence now purported to be in existence by plaintiff and previously undisclosed, defendant finds such measure necessary. In addition, the parties shall remain mindful of the court's deadline for the submission of expert reports in this case in light of its June 6, 2011 trial date.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
February __, 2011

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

all income above $400 to be reported annually.

[34] The court cautions plaintiff's counsel that Fed. R. Civ. P. 56(d) and (f) provide guidance as to the proper procedure for requesting additional time to conduct discovery when faced with a motion for summary judgment as to which you are unprepared to respond. In the future, the court will expect that plaintiff's counsel avail himself of these procedures in order that the court may determine whether the nonmoving party is actually in possession of further evidence or simply fails to meet the evidentiary burden imposed by Rule 56.