**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE __5/5/11__
BY __961__

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

NAOMI CARMOUCHE                    :    **DOCKET NO. 1:09-1474**
INDIVIDUALLY & ON BEHALF OF
GRACE CARMOUCHE

VS.                                :    **JUDGE TRIMBLE**

ENTERGY LOUISIANA LLC              :    **MAGISTRATE JUDGE KIRK**

## MEMORANDUM RULING

By order of this court,[1] the parties have filed memoranda of law regarding the admissibility of autopsy results concerning the decedent, Christopher Joseph Carmouche. After reviewing the law regarding same, the court finds that such results which show the level of toxicity, in Mr. Carmouche's blood stream are relevant and admissible.

In his report, Dr. William J. George, Ph.D. determined that "the presence of cannabinoids (THC) and oxycodone in blood at the levels reported indicate the active use of marijuana and oxycodone shortly prior to the accident."[2] The report further stated that given the levels of marijuana found in Carmouche's system, there is significant impairment with respect to motor impulsivity and reaction time.[3] Finally, Dr. George noted the numerous and known negative effects of marijuana and oxycodone which would be expected to occur at levels/times determined to be present in this case.[4] Dr. George then opined that Mr. Carmouche would have been impaired by marijuana and oxycodone

---

[1]  R. #94, dated 04/18/2011.

[2]  Defendants' exhibit B, p. 5.

[3]  Defendants' exhibit B, p. 4.

[4]  Defendants' exhibit B, p. 5.

at the drug levels determined to be present in his blood at the time of his death.[5]

While plaintiffs argue that the results are not relevant because there is nothing in the record to prove that Mr. Carmouche's drug use caused his untimely death due to the lack of eye witnesses,[6] defendants cite cases which state the evidence of drug use is relevant if it tends to establish that a party's cognitive skills and/or psychomotor skills were impaired at the time of death. [7] Defendants further note that the power line was open and obvious and would have been at eye level. Defendants remark that there is no explanation as to why anyone with their proper faculties would: (1) get on the roof and try to work in such close proximity to a live power line; and (2) get close enough to make contact with such an open and obvious danger.

The court finds that the evidence of Mr. Carmouche's alleged impairment, including the expert, medical and lab reports are relevant for the trier of fact to determine Mr. Carmouche's potential impairment at the time of his untimely death. As such, this evidence will be admissible at the trial of this matter.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of May, 2011.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE

---

[5] Id.

[6] Citing Duzon v. Stallworth, 866 So.2d 837, 858 (La.App. 1 Cir. 12/11/02) writ denied, 842 So.2d 1110 (La. 05/02/03).

[7] Evans v. Toyota Motor Corp., 2005 WL 3844071 (S.D. Tex. Sept. 2, 2005); Harris v. Kubota Tractor Corp., 2006 WL 2734460 (W.D. La. Sept. 22, 2006).

2